### DAVIS v. BOUTON MOTOR CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. **APPEAL AND ERROR (§ 169\*)—REVIEW—QUESTIONS NOT RAISED BELOW.**

    Matters not suggested at the trial will not be considered on appeal.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1018; Dec. Dig. § 169.\*]

2. **TRIAL (§ 83\*)—OBJECTIONS TO TESTIMONY—SUFFICIENCY.**

    Where a memorandum is competent to show the articles destroyed, but is incompetent to prove the values set opposite each article, a general objection of incompetency to the memorandum offered in evidence is insufficient; but the objection should specifically point out the incompetency.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 199; Dec. Dig. § 83.\*]

3. **APPEAL AND ERROR (§ 1171\*) — REVERSAL — TECHNICAL ERRORS—AMOUNT OF RECOVERY.**

    Where in an action for the destruction of property, the undisputed evidence showed a loss of $3,200.81 to real estate, and the jury returned a verdict for $3,500, a technical error, going only to the question of damages to personal property destroyed, of the alleged value of $1,269, was not reversible.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4546; Dec. Dig. § 1171.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Trial Term, Nassau County.

Action by Julius A. Davis against the Bouton Motor Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Henry A. Wise, for appellant.
Dickinson W. Richards, for respondent.

WOODWARD, J. Upon a prior appeal in this case we held that there was evidence entitling the plaintiff to go to the jury on the question of defendant's negligence in setting fire to certain hotel buildings in one of the towns of Nassau county (Davis v. Bouton Motor Co., 126 App. Div. 340, 110 N. Y. Supp. 359), and the evidence in the present trial is certainly as strong as upon the former appeal. Various matters are urged upon this appeal which do not appear to have been suggested at the trial, and which do not, therefore, call for consideration here. Practically the only question which may be considered here relates to the evidence in support of the plaintiff's claim for damages.

It will be recalled that defendant's motorman placed his automobile in one of the sheds of one Krug, who conducted a hotel at Mineola, Nassau county, for the purpose of making repairs, and that while at work on the machine an explosion occurred, which set fire to the building, and the flames were conveyed to other buildings, resulting in the main hotel building being scorched to some extent. The contents of the hotel appear to have been carried out and lost or destroyed, as is usual in such cases. The Krugs, immediately after the fire, made up a list of the personal property claimed to have been lost or destroyed in the fire, and upon this list the insurance company adjusted the losses, deducting a few hundred dollars. The Krugs then made and executed and delivered written assignments of their claims to the several insurance companies, subrogating them to all their rights in the premises, and the insurance companies, in turn, assigned these claims to the plaintiff, who brought this action to recover the damages growing out of the fire. Upon the trial the plaintiff offered in evidence the list of the personal property prepared by the Krugs as an exhibit; Krug being upon the stand and identifying the list, and testifying as to the values. The offer of this list of articles was objected to as being incompetent. It appears to be conceded by the appellant that the list was competent for the purpose of showing the articles lost or destroyed; but it is urged that it was not competent for the purpose of proving the values set opposite each article. But, if it was competent for any purpose, the general objection of incompetency does not present reversible error. If the party objecting to the evidence desired to limit, this should have been pointed out in the objection. The witness subsequently testified that the articles were of the fair market value which he had placed opposite the same, and his wife testified as to some of the articles in the list as being of the

fair and reasonable value which was placed upon them; it appearing that the list was prepared jointly by Mr. and Mrs. Krug.

The plaintiff, as the assignee of the insurance companies, demanded judgment for the sum of $4,550.60, the aggregate amount of the payments to the Krugs, and the jury gave a verdict for $3,500; and under the circumstances we are of the opinion that the defendant has no substantial reason to complain of anything occurring upon the trial of this action. Conceding that the evidence as to values of the personal property was open to some objection, the entire claim for personal property was $1,269.30. There is no dispute as to the amount of the loss on the real property. This was $3,281.30. If we subtract this from the amount of the verdict, we find that there was an allowance for the personal property of but $218.70 on a claim aggregating $1,-269.30; and it is not disputed that the list offered was competent to show the number of articles lost, and on which the insurance companies had paid the whole amount as claimed in this action. Under such circumstances, to reverse a judgment for a mere technical error, going only to the question of damages in relation to this personal property, would be to pervert, rather than promote, the ends of justice.

The judgment and order appealed from should be affirmed, with costs. All concur.